# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: MARCH 14, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0189-MR

ANTHONY OWENS                                    APPELLANT

V.

ON APPEAL FROM SPENCER CIRCUIT COURT
HONORABLE MELANIE BRUMMER, JUDGE
NO. 10-CR-00014

COMMONWEALTH OF KENTUCKY                        APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This appeal arises from a motion filed pursuant to CR 60.02(f) challenging a final sentence of 35 years Anthony Owens received following a jury trial on charges of Sodomy 1st Degree, Sexual Abuse 1st Degree and Assault 4th Degree. This Court previously affirmed the judgment and conviction in a direct appeal of Owens' trial in 2014. *Owens v. Commonwealth,* No. 2012-SC-000790-MR, 2014 WL 2807996 (Ky. June 19, 2014). The current CR 60.02 motion, filed nine years after the November 2012 judgment in this case, was a supplement to a *pro se* RCr 11.42 motion filed in 2016. The sole issues raised in the CR 60.02(f) motion are: 1) the presentence report reviewed at sentencing was incorrectly prepared by the Department of Probation and Parole rather than the Department of Juvenile Justice (DJJ); and 2) the trial

court's failure to consider probation or alternative sentencing options prior to sentencing Owens to prison.

After a hearing before the trial court, Owens prevailed in his argument regarding the preparation of the presentence report by DJJ and consideration of probation. As a result, on August 30, 2022, the trial court entered an order vacating the prior sentence and ordering a new sentencing hearing. On March 29, 2023, the trial court held a new sentencing hearing. After the hearing, the trial court entered an amended judgment again sentencing Owens to 35 years imprisonment. The current appeal is from the new judgment. After careful review, we affirm.

## Factual and Procedural Background

Owens was charged with three counts of Sodomy I (victim under 12), three counts of Sexual Abuse I (victim under 12) and one count of Assault IV (child abuse). These charges were based upon an incident that happened on or about February 9, 2010, when Owens babysat B.H., his neighbor's three-and-a-half-year-old child. Owens watched the child approximately 2 hours. Upon return from their business, B.H.'s parents noted that their child was asleep but wearing different clothes than when they left. Shortly thereafter, B.H. began vomiting. B.H.'s parents changed his clothes, and they noticed bruises and sores on his body that had not existed prior to Owens' babysitting. When asked about the injuries, Owens relayed that B.H. had fallen down some stairs.

The minor was taken to the hospital by his parents where medical personnel identified additional injuries. These included bruising on his sides,

2

left cheek, abdomen, hips, thighs, legs, and buttocks as well as linear abrasions across his back. Importantly, there was trauma to his salivary glands and severe trauma to his genitalia. The hospital contacted law enforcement, and after speaking with hospital staff and B.H.'s parents, Kentucky State Police Detective Mitch Harris (Det. Harris) contacted Owens.

Det. Harris interviewed Owens regarding the incident. Owens was accompanied by his mother. Owens and his mother were read a Statement of Rights, and both signed a waiver voluntarily after the rights were explained. After obtaining the waiver, Det. Harris independently interviewed Owens, and he admitted to ejaculating on B.H., anally penetrating B.H., orally sodomizing B.H., forcing oral sodomy on B.H., and punching B.H. up to five times. A Spencer County Grand Jury indicted Owens on three counts of Sodomy 1st Degree (victim under 12), three counts of Sex Abuse 1st Degree (victim under 12), and one count of Assault 4th Degree (child abuse). There was a pre-trial motion to suppress Owens' statement arguing he had not understood his rights. The trial court denied the motion ruling that, considering the totality of the circumstances, Owens' statements were knowingly and voluntarily made. After a trial, the jury found Owens guilty of two counts of Sodomy 1st , one count of Sexual Abuse 1st, and one count of Assault 4th. The remaining counts were dismissed pre-trial. On November 14, 2012, the court sentenced Owens to imprisonment for thirty-five years consistent with the jury's recommendation. *Owens*, 2014 WL 2807996, at *1.

On June 6, 2016, Owens filed a *pro se* motion to vacate pursuant to RCr 11.42. Upon filing this motion, the trial court appointed the Department of Public Advocacy ("DPA") to represent Owens. His attorney filed a supplement to the original RCr 11.42 motion pursuant to CR 60.02 alleging the new attacks on his sentencing procedure. On July 28, 2021, the trial court held an evidentiary hearing on the motion for ineffective assistance of counsel and the sentencing issues. Following that hearing, the trial court entered an order on August 30, 2022, denying the RCr 11.42 relief but granting a new sentencing hearing for the defendant. The purpose of the new proceeding was to have the benefit of a presentence investigation report prepared by DJJ and for Owens to make argument for probation. Owens thus prevailed in his CR 60.02 request for relief. Prior to the new proceeding, the trial court ordered DJJ to prepare a new presentence report and a sexual offender assessment.

Notably, at the beginning of this second sentencing hearing, the trial judge expressly noted that the case was on for a "corrective sentencing hearing." Owens was present and represented by counsel. At the new hearing, the trial judge heard evidence from two witnesses. The first, Dr. Dennis Wagner, was a licensed psychologist in private practice. Dr. Wagner performed an evaluation of Owens and submitted a report based upon his findings. Dr. Wagner met with Owens two times at the Green River Correctional Facility. He gave testimony in favor of release for Owens. Next, the court heard from a Ms. Brenda Mills, who was an alternative sentencing worker in Shelby County employed by DPA. She also gave testimony about the best plans for Owens'

treatment and prospects. In addition to the witness testimony, as part of the hearing, the trial judge specifically directed counsel for Owens to review the sentencing report prepared by DJJ. The attorney and Owens read through the newly provided document at counsel table real-time during the hearing.

In addition to the testimony of the two witnesses, counsel for Owens argued against any notion that he was not eligible for probation because of being a violent offender. Counsel stated that because of Owens' status as a juvenile at the time of the offense, the court should appropriately consider probation. Counsel argued that the 35-year sentence was contrary to the goals of the Juvenile Code and emphasized that rehabilitation should be the guiding principle in sentencing her client. The Commonwealth's arguments centered on the gravity of the offense, the harm to the victim and community safety.

At the end of the hearing, the trial court stated, after having heard the testimony and considered the new reports, it was sentencing Owens to 35 years to serve in the penitentiary. The court further stated it would follow-up with a written order. The April 5, 2023, written order states in part: "After testimony from Defense witnesses and hearing statements from the Defendant and Commonwealth **as to probation**, and given consideration to the PSI, the Sex Offender Risk Assessment, and to the nature and circumstances of the crime, as well as the history, character, and the condition of the Defendant . . . " the court sentenced Owens to 35 years (emphasis added). We pause again to note, for the purposes of the current review, that this Court in a previous order affirmed the direct appeal of Owens' suppression issue and the initial trial

process. Accordingly, the sole issue before the Court is whether the trial court properly exercised its discretion in denying the request for probation and sentencing Owens to serve.

## Standard of Review

The Court finds the issue of probation is preserved as the trial court specifically granted Owens' motion for a new sentencing hearing based upon the error in preparation of the presentence report and probation issues raised in the supplemental CR 60.02 motion. Further, the decision of whether to grant probation is wholly within the discretion of the trial court. *Burke v. Commonwealth*, 506 S.W.3d 307, 314 (Ky. 2016). A trial court's decision to deny probation is reviewable under an abuse of discretion standard. The test for abuse of discretion is whether the trial judge's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). This Court will analyze these issues using an abuse of discretion standard.

## Analysis

The issue raised by this appeal is whether the second amended trial judgment violated youthful-offender laws because of the trial court's failure to properly consider probation. In support, Owens highlights the directives of Kentucky's Juvenile Code that require consideration of probation, conditional discharge, or alternative sentencing prior to imposing a sentence of imprisonment. KRS 533.010(2). This mandate applies unless the defendant is a violent felon as defined in KRS 439.3401 or another statute that prohibits

6

probation. KRS 533.010(2). Owens spends a significant amount of time in his papers arguing the prohibitions against violent-offender probation outlined in KRS 439.3401 and KRS 533.060 do not apply to him as a youthful offender. *Thomas v. Commonwealth*, 605 S.W.3d 545, 566 (Ky. 2020) (holding that the violent offender statute is not applicable to youthful offenders for the purposes of consideration of probation), *abrogated on other grounds by Abbott, Inc. v. Guirguis*, 626 S.W.3d 475 (Ky. 2021).[1] The Commonwealth concedes this point. Therefore, this Court will not further address this issue. In addition, it is undisputed that Owens was transferred to circuit court as a youthful offender under KRS 600.020(72); KRS 635.020.

Owens states the court record is silent as to whether he was considered appropriately for probation. Owens' counsel argued that releasing Owens on probation would best serve the goals of our Commonwealth's youthful offender laws. In support of his position, Owens argues the record shows he was 16 years old at the time of the alleged crime. Counsel argued, given his relative youth at the time of the offense, he should be allowed a second chance. Owens' counsel emphasizes that neither the oral judgment nor written amended sentence outline specific reasons on the record for denying probation. Owens

---

[1] Like adults, youthful offenders convicted of certain sexual offenses that also involve both certain enumerated statutory aggravators (such as use of force, bodily injury, or kidnapping) and 1) commercial sexual activity, 2) incest, or 3) use of a minor in a sexual performance, or promotion of or use of minors in distributing material portraying such performances, are ineligible for probation. KRS 532.045; *Bloyer v. Commonwealth,* 647 S.W.3d 219 (Ky. 2022). However, because Owens' sexual offenses did not involve commercial sexual activity, incest, or the enumerated forms of child sexual performance conduct, he was eligible to be considered for probation.

argues this lack of verbal or written findings regarding probation are tantamount to a finding that the trial court ignored or failed to consider probation in the case.

We disagree. Based upon a review of the record and a review of the hearing in its totality, the Court finds no abuse of discretion by the trial court. Owens cites to no authority requiring courts to use specific language regarding probation consideration in a sentencing document. While admittedly, detailed findings are not listed by the trial judge, the issue of probation was a key part of the additional step of resentencing Owens. The trial court's language in granting the new sentencing entered on August 30, 2022, agrees with Owens that the court is required to consider probation. The trial court asks the parties to place this matter on a mutually convenient future criminal docket in Spencer Circuit Court so that Owens will have the opportunity to present any alternative sentencing plans, treatment plans, and/or plans should he be granted probation. Op. and Order, 7-8, Aug. 30, 2022. Simply stated, it is not tenable to argue probation was not considered by the trial court when the express purpose of holding a second hearing was to allow Owens to make argument for probation. The trial court acknowledged from the outset in its opening statement that this was a corrective sentencing hearing. She further stated in her written judgment that she heard witnesses and listened to statements from the defendant and Commonwealth "as to probation".

Owens' attorney had ample time to present factors she believed weighed in favor of giving him an opportunity to improve himself and become a

functioning member of the community. She repeatedly discussed the difficulty her client faced getting in the appropriate treatment in prison. She also pointed to the lack of any similar offenses since his time incarcerated awaiting the second sentencing. She argued his age at the time of the offense. She called two witnesses to discuss these issues.

The court stated both orally and in its subsequent written order that it considered all the information presented when arriving at its sentencing decision. The trial court states in her decision she based her ruling on the consideration of the PSI, the Sex Offender Risk Assessment, the nature and circumstances of this crime, as well has the history and character of the defendant. These are all appropriate considerations for determining whether to probate an individual. This Court does not find sufficient evidence of failure by the trial court to properly consider the presentence report by DJJ or the alternative options available when sentencing and does not find an abuse of discretion. For these reasons, the trial court's sentence is affirmed.

### Conclusion

For the forgoing reasons, we affirm the trial court's amended judgment and sentence of 35 years for two counts of Sodomy 1st Degree (victim under 12), one count of Sexual Abuse 1st Degree (victim under 12), and one count of Assault 4th Degree (child abuse).

All sitting. All concur.

COUNSEL FOR APPELLANT:

Jennifer Wade
Assistant Public Advocate

Kathleen K. Schmidt
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General